MICHAEL C. GERAGHTY
ATTORNEY GENERAL

Elizabeth M. Bakalar
libby.bakalar@alaska.gov

Margaret Paton-Walsh
margaret.paton-walsh@alaska.gov

Assistant Attorneys General
P.O. Box 110300
Juneau, AK 99811
Phone: 907.465.3600
Fax: 907.465.2520

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MIKE TOYUKAK; FRED AUGUSTINE; ARCTIC VILLAGE COUNCIL; NATIVE VILLAGE OF HOOPER BAY; TRADITIONAL VILLAGE OF TOGIAK; and VILLAGE OF VENEITE COUNCIL<br><br>Plaintiffs,<br><br>v.<br><br>MEAD TREADWELL, Lieutenant Governor of the State of Alaska; GAIL FENUMIAI, Director of Elections for the State of Alaska; MICHELLE SPEEGLE, Election Supervisor of the Fairbanks Regional Elections Office III; and BECKA BAKER, Election Supervisor of the Nome Regional Elections Office IV,<br><br>Defendants. | Case No.: 3:13-cv-00137-JWS<br><br>**ANSWER TO AMENDED COMPLAINT** |

Mead Treadwell, Lieutenant Governor of the State of Alaska, Gail Fenumiai, Director of Elections for the State of Alaska, Michelle Speegle, Election Supervisor of the Fairbanks Regional Elections Office, and Becka Baker, Election Supervisor of the Nome Regional Elections Office (hereinafter collectively, "defendants"), answer plaintiffs' Amended Complaint as follows.

## INTRODUCTION

1. This paragraph is a statement to which no response is required. The Amended Complaint speaks for itself.

2. The first sentence of this paragraph is a statement to which no response is required. The Amended Complaint speaks for itself. The remainder of the paragraph is denied.

3. Defendants for their Answer to the Amended Complaint respond as follows:

## JURISDICTION AND VENUE

4. Admit.

5. Admit.

## PARTIES

6. Admit that plaintiff Mike Toyukak is a registered voter in Manokotak within the Dillingham Census Area of Alaska. Deny that defendants have failed to

comply with the Bilingual Elections Requirements of the VRA. Defendants lack information sufficient to answer the remainder of this paragraph.

7. Admit that plaintiff Fred Augustine is a registered voter in Alakanuk within the Wade Hampton Census Area of Alaska. Deny that defendants have failed to comply with the Bilingual Elections Requirements of the VRA. Defendants lack information sufficient to answer the remainder of this paragraph.

8. Admit the first sentence of this paragraph. Deny that defendants have failed to comply with the Bilingual Elections Requirements and other provisions of the VRA. Defendants lack information sufficient to answer the remainder of this paragraph.

9. Admit the first sentence of this paragraph. Deny that defendants have failed to comply with the Bilingual Elections Requirements and other provisions of the VRA. Defendants lack information sufficient to answer the remainder of this paragraph.

10. Admit the first sentence of this paragraph. Deny that defendants have failed to comply with the Bilingual Elections Requirements and other provisions of the VRA. Defendants lack information sufficient to answer the remainder of this paragraph.

11. Admit the first sentence of this paragraph. Deny that defendants have failed to comply with the Bilingual Elections Requirements and other provisions of the VRA. Defendants lack information sufficient to answer the remainder of this paragraph.

12. Admit that defendant Mead Treadwell is the Lieutenant Governor of Alaska. The remainder of the paragraph is a statement of law to which no response is required. Alaska Statute 15.10.105 speaks for itself.

13. Admit that defendant Gail Fenumiai is Director of the State of Alaska Division of Elections. The remainder of the paragraph is a statement of law to which no response is required. Alaska Statute 15.10.105 speaks for itself.

14. Admit that defendant Michelle Speegle is the Election Supervisor of the Region III Elections Office in Fairbanks. The remainder of the paragraph is a statement of law to which no response is required. Alaska Statute 15.10.110 speaks for itself.

15. Admit that Becka Baker is the Election Supervisor of the Region IV Elections Office in Nome. The remainder of the paragraph is a statement of law to which no response is required. Alaska Statute 15.10.110 speaks for itself.

16. This paragraph does not require a response. The Amended Complaint speaks for itself.

## FACTS RELEVANT TO ALL CLAIMS

**A. Coverage of the Dillingham, Yukon-Koyukuk, and Wade Hampton census areas by the Bilingual Election Requirements.**

17. This paragraph is a statement of law to which no response is required. Section 203 of the VRA and 28 C.F.R. § 51, App. speak for themselves.

18. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

19. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

20. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

21. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

22. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

23. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

24. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

25. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

26. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

27. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

28. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

29. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

30. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

31. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

32. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

33. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

34. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

35. This paragraph is a statement of law to which no response is required. Section 203 of the VRA speaks for itself.

**B.  Alaska's unequal educational opportunities in the Dillingham and Wade Hampton census areas have contributed to high LEP and illiteracy rates.**

36. Defendants are state election officials and lack information regarding educational opportunities in Alaska sufficient to respond to the allegations in this paragraph. Further, this paragraph contains a statement of law to which no response is required. 42 U.S.C. § 1973b(f)(1) speaks for itself. Accordingly, this paragraph is denied.

37. Defendants are state election officials and lack information regarding educational opportunities in Alaska sufficient to respond to the allegations in this paragraph. Further, this paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph is denied.

38. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

39. This paragraph describes publicly-available documents that speak for themselves. Further, defendants are state election officials and lack information regarding the construction of secondary schools in Alaska sufficient to respond to the allegations in this paragraph. Accordingly, this paragraph is denied.

40. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

41. Defendants are state election officials and lack information regarding educational outcomes in Alaska sufficient to respond to the allegations in this paragraph. Accordingly, this paragraph is denied.

42. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

43. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

44. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

C. **Defendants have failed to comply with the Bilingual Election Requirements for the covered Yup'ik and Alaskan Athabascan languages and dialects.**

45. This paragraph is a statement of law to which no response is required. Section 203 of the VRA speaks for itself.

46. The first sentence of this paragraph is a statement of law to which no response is required. 28 C.F.R. §§ 55.13, 55.11, and 55.20 speak for themselves. The remainder of the paragraph is denied.

47. Denied.

**D. Defendants' violations have resulted in severely depressed Native turnout**.

48. Denied.

49. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

50. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

51. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

52. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

53. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

54. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

55. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

56. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

57. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

58. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

59. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

60. This paragraph describes publicly-available documents that speak for themselves. Accordingly, this paragraph does not require a response.

## FIRST CAUSE OF ACTION

**(Violation of Section 203 of the VRA)**

61. Defendants restate and incorporate herein their responses to Paragraphs 1 through 60 of this Answer to Amended Complaint.

62. Denied.

63. Denied.

## SECOND CAUSE OF ACTION

**(Violation of the Fourteenth and Fifteenth Amendments to the U.S. Constitution)**

64. Defendants restate and incorporate herein their responses to Paragraphs 1 through 63 of this Answer to Amended Complaint.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a cause of action upon which relief can be granted.

2. Plaintiffs' Complaint may be barred by the doctrine of unclean hands.

3. Plaintiffs may lack standing to bring this action.

4. Plaintiffs' Complaint may not be ripe.

5. The "bail-in" provisions of Section 3 of the Voting Rights Act would be unconstitutional as applied to Alaska.

6. Defendants reserve the right to assert any additional defenses that may emerge through discovery.

7. All other applicable defenses in law and equity.

**WHEREFORE**, the defendants respectfully request the Court order:

1. That the Amended Complaint be dismissed in its entirety, with prejudice;

2. That defendants be awarded reasonable attorneys' fees and costs; and

3. Such other relief as the Court deems necessary and appropriate.

DATED January 10, 2014

        MICHAEL C. GERAGHTY
        ATTORNEY GENERAL

        By:
            s/<u>Elizabeth M. Bakalar</u>
            Alaska Bar No. 0606036

            s/Margaret Paton-Walsh
            Alaska Bar No. 0411074

            Attorneys for Defendants

**Certificate of Service**

I hereby certify that on January 10, 2014, copies of the foregoing ANSWER TO AMENDED COMPLAINT were served electronically on the following parties of record pursuant to the Court's electronic filing procedures:

| | |
|---|---|
| Natalie A. Landreth & | James Thomas Tucker & |
| Erin C. Dougherty | Sylvia O. Semper |
| Native American Rights Fund | Wilson, Elser, Moskowitz, Edlemen, & Dicker LLP |
| 745 W. 4th Avenue, Suite 502 | 300 South Fourth Street, 11th Floor |
| Anchorage, Alaska 99501 | Las Vegas, Nevada 89101 |
| landreth@narf.org | james.tucker@wilsonelser.com |
| dougherty@narf.org | sylvia.semper@wilsonelser.com |

            s/<u>Elizabeth M. Bakalar</u>