Natalie A. Landreth (Bar no. 0405020)
Erin C. Dougherty (Bar no. 0811067)
**NATIVE AMERICAN RIGHTS FUND**
745 West 4th Avenue, Suite 502
Anchorage, Alaska 99501
Phone: (907) 276-0680
Fax: (907) 276-2466
E-mail: landreth@narf.org
dougherty@narf.org

James Thomas Tucker (*pro hac vice*)
Sylvia O. Semper (*pro hac vice*)
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
Phone: (702) 727-1400
Fax: (702) 727-1401
E-mail: james.tucker@wilsonelser.com
sylvia.semper@wilsonelser.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| MIKE TOYUKUK, FRED AUGUSTINE; NATIVE VILLAGE OF HOOPER BAY; and TRADITIONAL VILLAGE OF TOGIAK,<br><br>Plaintiffs,<br>vs.<br><br>MEAD TREADWELL, Lieutenant Governor of the State of Alaska; GAIL FENUMIAI, Director of Elections for the State of Alaska; MICHELLE SPEEGLE, Election Supervisor of the Fairbanks Regional Elections Office III; and BECKA BAKER, Election Supervisor of the Nome Regional Elections Office IV,<br><br>Defendants. | **Document Filed Electronically**<br><br>Civil No. 13-0137 JWS<br><br>**Declaration Of Natalie A. Landreth In Opposition To Defendants' Motion To Extend Pre-Trial Order** |

*Toyukak v. Treadwell,* Case No. 13-0137-JWS
Landreth Declaration in Opposition to Defendants' Motion to Extend Pre-Trial Order
Case 3:13-cv-00137-SLG Document 33 Filed 02/07/14 Page 1 of 7

# Declaration of Natalie A. Landreth

I, Natalie A. Landreth, declare as follows:

1. I am an attorney with the Native American Rights Fund, counsel of record for Plaintiffs in this action. I am licensed to practice law in the State of Alaska and am admitted to practice before this Court. I have personal knowledge of the matters set forth in this declaration and would testify competently to those matters if asked to do so.

2. Plaintiffs initiated this action on July 22, 2013. This suit is similar to an action previously litigated before this Court, entitled *Nick et al. v. Bethel, Alaska et al.*, Case No. 3:07-cv-0098-TMB (D. Alaska) (the "*Nick* Action"). In that case, as in this one, the plaintiffs sought relief from failures to provide language election assistance for limited-English proficient Alaska Native United States citizens in certain Census Areas. Some counsel for Plaintiffs and Defendants in this action also represented the plaintiffs and defendants in the *Nick* Action. Some of the defendants in this action were also named defendants in the *Nick* Action.

3. Because the relief sought in this action may affect the electoral process in the upcoming 2014 elections, Defendants' counsel and the Director of the Division of Elections, Gail Fenumiai, have emphasized to me the importance of resolving this action before June 1, 2014. That date is the deadline for individuals to declare their candidacies with respect to Alaska's 2014 elections.

4. On August 27, 2013, counsel for the parties met as required by Federal Rule of Civil Procedure ("Rule") 26(f). Ms. Fenumiai was invited by Defendants' counsel to participate in the meeting to provide all counsel with a list of deadlines the Division of Elections must meet. During the meeting, the parties agreed to propose to the Court that they would exchange Rule 26(a)(1) disclosures on September 3, 2013, that the parties

*Toyukak v. Treadwell,* Case No. 13-0137-JWS
Landreth Declaration in Opposition to Defendants' Motion to Extend Pre-Trial Order
Case 3:13-cv-00137-SLG   Document 33   Filed 02/07/14   Page 2 of 7

would complete fact discovery by February 7, 2014, and that the parties would complete expert discovery by March 7, 2014. The parties reported these agreements to the Court in their Scheduling and Planning Conference Report, which they filed on September 3, 2013. (*See* Docket No. 13.)

5. On September 3, 2013, Plaintiffs served their sole set of requests for production of documents.

6. On September 5, 2013, the Court issued its Scheduling and Planning Order ("Scheduling Order"). In the Scheduling Order, the Court ratified the agreements reached by the parties: it ordered that "[d]iscovery shall be scheduled so as to be <u>completed</u> by: . . . As to all fact discovery, on or before February 7, 2014." (*See* Docket No. 14.)

7. In September 2013, I contacted Defendants' counsel to schedule depositions of certain defense witnesses. I asked that Defendants make witnesses available during the week of October 28, 2013. On or about September 26, 2013, I confirmed with Defendants' counsel that Plaintiffs would depose six witnesses that week. I have attached a true and correct copy of the email confirming these dates as **Exhibit A**.

8. Plaintiffs completed their requested depositions by November 1. Plaintiffs have reserved their right to re-open those depositions, or to schedule additional depositions, pending Plaintiffs review of thousands of documents Defendants have recently produced and that Defendants have indicated they will be producing in the near future (after the close of the fact discovery period). Many of the documents Defendants recently have produced were authored by or in the possession of the six deposed witnesses at the time of the deposition. Thus, Defendants' failure to produce the documents before the depositions deprived Plaintiffs of the ability to question the deponents about the documents.

9. In the *Nick* Action, the parties agreed that, for depositions, each side would bear

*Toyukak v. Treadwell,* Case No. 13-0137-JWS
Landreth Declaration in Opposition to Defendants' Motion to Extend Pre-Trial Order
Case 3:13-cv-00137-SLG   Document 33   Filed 02/07/14   Page 3 of 7
2

its own travel costs but that the deposing party would pay other deposition-related costs and third party witness fees. On or about September 26, 2013, Defendants' counsel proposed that, for this case, each side should entirely bear its own costs. I have attached a true and correct copy of an email memorializing Defendants' proposal as **Exhibit B**. Based on my understanding that there would only be ten depositions per side, I agreed to this costs arrangement. I would not have agreed to it if Defendants had indicated they would take more than ten depositions.

9. Costs are an important issue in scheduling, taking and defending depositions in this action. Because Plaintiffs and Plaintiffs' witnesses reside in the Dillingham, Yukon-Koyukuk, and Wade Hampton Census Areas, and these areas are generally reachable only by air travel, any deposition involves significant travel costs. Furthermore, because many of the Plaintiffs and Plaintiffs' witness have some difficulties with English, a translator has to travel to and attend the depositions. I would estimate that each deposition of a Plaintiff witness costs Plaintiffs at least $1,000 in out-of-pocket expenses, and perhaps double that that if a translator is needed.

10. In our first discussions with opposing counsel about Defendants' depositions, Defendants' counsel asked that Plaintiffs produce the requested deponents during the week of December 2, 2013.

11. On or about October 30, 2013, Defendants' counsel orally asked to move the dates of Plaintiffs depositions from the week of December 2, 2013 to the first week of January 2014. On November 6, 2013, Defendants' counsel asked me in writing to reschedule the depositions of Plaintiffs' witnesses for the week of January 6, 2014. In an email, Defendants' counsel stated she had plans for a 3-week vacation during November. I have attached a true and correct copy of this email as **Exhibit C**.

*Toyukak v. Treadwell,* Case No. 13-0137-JWS
Landreth Declaration in Opposition to Defendants' Motion to Extend Pre-Trial Order
Case 3:13-cv-00137-SLG   Document 33   Filed 02/07/14   Page 4 of 7

12. On December 13, 2013, Plaintiffs timely served their First Supplemental Disclosure Statement and Supplemental Witness List. ("Witness List"). Defendants filed a copy of the Witness List with their moving papers. (*See* Docket No. 27-2.) Defendants did not provide any supplemental disclosures on that day.

13. In the Witness List, Plaintiffs identified for the first time 46 individuals as potential trial witnesses. Plaintiffs represented in the Witness List that it would provide Defendants with declarations from these individuals detailing their expected testimony.

14. During teleconference discussions on or about December 23, 2013, Defendants' counsel informed me that Defendants would not proceed with their requested depositions until after they received Plaintiffs' witness declarations. During the teleconference, Plaintiffs agreed to provide the declarations on January 3, 2014. Plaintiffs served declarations from almost all of the 46 witnesses, as promised, on January 3. Plaintiffs served a couple of declarations within a few days. Defendants thereafter proposed that their requested depositions occur during the week of January 21, 2014.

15. Defendants finally deposed four fact witnesses during the week of January 21 (Mike Toyukak, Frank Logusak, Fred Joseph, and Brenda Tall). Defendants deposed Myron Naneng the week of January 27. Ms. Tall is not a party to this action; she is a pollworker with knowledge of training failures and problems with election materials. In advance of Ms. Tall's deposition, plaintiffs provided defendants with a copy of Ms. Tall's declaration detailing these issues, as a courtesy.

16. As the discovery cutoff approached, notice for depositions became shorter and shorter. For example, in a January 24, 2014 email, Defendants' counsel asked that we schedule depositions just days later—on January 28, January 30, and January 31. I have attached a true and correct copy of defense counsel's email as **Exhibit D**. These depositions

*Toyukak v. Treadwell,* Case No. 13-0137-JWS
Landreth Declaration in Opposition to Defendants' Motion to Extend Pre-Trial Order
Case 3:13-cv-00137-SLG   Document 33   Filed 02/07/14   Page 5 of 7

did not occur due to bad weather. Plaintiffs have agreed to reschedule two of the depositions (Fred Augustine and Denis Shelden) for February 12, 2014.

17. Defendants have indicated they intend to depose Plaintiffs' experts (Walkie Charles, Daniel McCool and Claudia Dybdahl) before the March 7 expert discovery cutoff. Counsel have agreed on dates for all three depositions.

18. By telephone, on or about January 22, 2014, Defendants' counsel asked Plaintiffs to agree to continue the fact discovery period by one month and to let Defendants take additional depositions. During the call, Defendants did not indicate how many people they wished to depose and did not provide us with any names. We informed Defendants we would not agree. The first time I was aware of who the Defendants wanted to depose was when the instant motion was filed.

19. Throughout this action, Plaintiffs have experienced difficulty obtaining timely discovery and other disclosures from Defendants. As previously discussed, Defendants have produced nearly half of their produced documents in just the last few weeks, and their production is still not complete. Defendants' lack of diligence has caused them to serve (late in the discovery period) an unusually large number of Rule 26 supplemental disclosures. I have attached as **Exhibit E** a true and correct copy of an enclosure letter confirming that Defendants served supplemental disclosures on November 12, 2013, December 20, 2013, January 7, 2014, January 8, 2014, January 13, 2014, and January 15, 2014.

Executed on February 7, 2014 in Seattle, Washington.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Natalie A. Landreth
Natalie A. Landreth

*Toyukak v. Treadwell,* Case No. 13-0137-JWS
Landreth Declaration in Opposition to Defendants' Motion to Extend Pre-Trial Order
Case 3:13-cv-00137-SLG   Document 33   Filed 02/07/14   Page 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Declaration Of Natalie A. Landreth In Opposition To Defendants' Motion To Extend Pre-Trial Order** was served electronically pursuant to the Court's electronic filing procedures upon the following:

Counsel for Defendants Mead Treadwell, Gail Fenumiai, Becka Baker, and Michelle Speegle:

**Elizabeth Bakalar**
Alaska Department of Law
Office of the Attorney General
P.O. Box 11300
Juneau, Alaska 99811-0300
Libby.bakalar@alaska.gov

**Margaret Paton-Walsh**
Alaska Department of Law
Office of the Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Margaret.paton-walsh@alaksa.gov

                                                **s/jbriggs**

*Toyukak v. Treadwell,* Case No. 13-0137-JWS
Landreth Declaration in Opposition to Defendants' Motion to Extend Pre-Trial Order
Case 3:13-cv-00137-SLG   Document 33   Filed 02/07/14   Page 7 of 7